UNITED STATES of America and Arthur J. Derbes, Jr., Special Agent of the Internal Revenue Service

v.

John A. LYNOTT and J. Ray McDermott & Co., Inc., and Consolidated Cases.

Civ. A. Nos. 77-3273 to 77-3275.

United States District Court, E. D. Louisiana.

Oct. 11, 1979.

Jean E. Kilpatrick, Atty., Tax Div., Dept. of Justice, Washington, D. C., for petitioners.

Robert G. Morvillo, Obermaier, Morvillo, Abramowitz & Fitzpatrick, New York City, for respondents.

## ORDER AND REASONS

DUPLANTIER, District Judge.

These consolidated Civil Actions were brought by the United States of America and Arthur Derbes, Jr., Special Agent, Internal Revenue Service, against respondents, John Lynott, Robert Richie, Charles Graves, J. Ray McDermott Co., Inc. and Oceanic Contractors, Inc. to enforce administrative summonses to produce records for inspection by the Internal Revenue Service. Oceanic is a wholly-owned subsidiary of McDermott and Messrs. Lynott, Graves and Richie are officers of one or both of the corporations.

A show cause hearing was set before a magistrate. The magistrate conducted evidentiary hearings and recommended that the summonses be enforced. Defendants filed objections to the magistrate's recommendation, and alternatively sought the opportunity to produce additional evidence either *de novo* before the court or on a recommitment to the magistrate, in the light of the then recent decision in *U. S. v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). The court granted the motion to recommit to the magistrate for additional evidence.

The magistrate conducted additional hearings and thereafter again recommended enforcement of the summonses.

Defendants again objected on various grounds, raising three issues. First, defendants contend that none of the summonses should be enforced because previous to their issuance the I.R.S. had made an "institutional commitment to prosecute" and is therefore barred from the use of an administrative summons under *LaSalle*. Alternatively, defendants complain that they were thwarted in their effort to establish the facts which would constitute a bar under *LaSalle* by the magistrate's ruling depriving them of the opportunity to see certain I.R.S. file documents. Defendants claim to need the documents for two reasons: to adequately cross-examine I.R.S. personnel and to establish the posture of the I.R.S. investigation independent of their testimony. Finally, defendants contend that the summons relating to work done at employees' residences should not be enforced because it is "overbroad, non-specific, and unreasonable".

A hearing was held on defendants' objections to the magistrate's Second Finding and Recommendation. For the reasons below, the court orders defendants to obey the summonses attached to the petitions in these cases and to comply with the requirements therein for attendance and production of records.

## THE SUMMONS FOR RECORDS OF WORK PERFORMED ON PROPERTY OWNED BY EMPLOYEES

■ One of the summonses at issue ordered the production of corporate records relating to work performed at corporate expense upon properties owned by employees with the rank of general superintendent or higher. Except to establish that this summons applies to at least 250 employees of McDermott and its subsidiaries, defendants offered no evidence to support the contention that the summons should not be enforced because overbroad and burden-

some. The court cannot make such a finding merely on those numbers alone. There is no evidence of the extent of effort or expense which would be involved in a good faith attempt at compliance with the summons, although nearly two years have elapsed since the petition to enforce compliance was filed.

It should be noted that during the hearing before the magistrate the I.R.S. offered a "compromise" method of compliance with this summons which the magistrate found "reasonable and not burdensome". If the parties decide to settle this part of the controversy on that basis, then of course no issue would remain with respect thereto.

## THE I.R.S. DOCUMENTS REVIEWED IN CAMERA

█ The court has reviewed *in camera* the documents the production of which the magistrate refused to order after his review of them *in camera*.[1] There is nothing in the documents contradictory to the testimony of the I.R.S. personnel, and nothing in them tends to establish any of the three elements which under *LaSalle* would bar the enforcement of the summonses. Thus the court concludes that no prejudice could result from the fact that these documents were not available to defendants during the questioning of the agents and that nothing therein could change the conclusions reached with respect to the institutional posture of the I.R.S. *vis a vis* recommendation for prosecution.

## ENFORCEABILITY UNDER *LASALLE*

█ Our analysis of the majority opinion in *LaSalle* leads us to the conclusion that an I.R.S. summons should be enforced unless the party to whom it is directed proves one of the following sets of circumstances:

(1) The I.R.S. has made an official recommendation to the Justice Department for prosecution;

(2) The I.R.S. has made an "institutional commitment" to make the recommendation to the Justice Department, but has delayed the official recommendation of prosecution merely to gather additional evidence for the prosecution;

(3) The summons has been issued for an improper purpose such as to harass the taxpayer or to put pressure on him to settle a collateral dispute.

The only I.R.S. official authorized to make such a recommendation to the Justice Department for prosecution in this case is the District Counsel in New Orleans, a position occupied throughout the proceedings by George Becker. The evidence is clear that Becker made no such recommendation.

Moreover, there is absolutely no evidence that an official recommendation was delayed for the purpose of gathering additional evidence. On the contrary, the proposals by I.R.S. Special Agent Derbes and by his superiors in the Intelligence Division that prosecution be recommended were made at a time before they would ordinarily have done so and were in response to ongoing plea negotiations between McDermott and the U.S. Attorney regarding other criminal charges against the defendants. Once these negotiations were completed without detriment to this investigation by I.R.S., the file was returned to the Special Agent to continue his normal investigation.

As to the third circumstance which would bar enforcement, the defendants conceded that there is no issue of improper harassment or pressure involved in this case.

---

1. The court orders copies of these documents to be filed with the clerk under seal for consideration in the event of an appeal.